IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARREN JOHNSON,<br><br>      Plaintiff,<br><br>vs.<br><br>LONE WOLF WIRELINE, INC., and RICK ROBBINS,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:12CV1087<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants Lone Wolf Wireline, Inc. and Rick Robbins's Motion to Dismiss Plaintiff's Second Cause of Action pursuant to Federal Rule of Civil Procedure 12(b)(6). The court held a hearing on the motion on April 24, 2013. At the hearing, Plaintiff was represented by Bruce M. Franson, and Defendants were represented by Scott A. Hagen and Aaron K. Olsen. The court took the matter under advisement. The court has considered carefully the memoranda submitted by the parties, as well as the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Darren Johnson began working as a wireline operator for Lone Wolf in April, 2010. Defendant Rick Robbins was the manager of Lone Wolf's Vernal, Utah office and

Johnson's supervisor at all relevant times.

On June 15, 2011, Robbins required Johnson to work the following day. As of June 15, 2011, Johnson had worked fifteen of the last sixteen days and the last ten consecutive days. Johnson informed Robbins that he was out of available drive-time hours and that he was required by the Department of Transportation regulations to take off a minimum of twenty-four hours. Robbins responded that none of that mattered to him and that Johnson was required to work the next day.

After a heated discussion, where Johnson reiterated that requiring him to work the next day would result in a regulatory violation and Robbins repeated his request that Johnson work the next day, Johnson refused to work and Robbins terminated Johnson's employment. On this same day, Johnson refused to alter his driving log book. Johnson also complained to Robbins about Lone Wolf's regulatory violations in regard to drive time hours and record of duty by drivers.

Lone Wolf terminated Johnson's employment for his refusal to alter his log book, his refusal to return and drive a commercial vehicle the next day, and for his complaints to Robbins that these things would involve regulatory violations.

Johnson's Complaint against Lone Wolf and Robbins asserts a cause of action under the Surface Transportation Assistance Act ("STAA") and a common law cause of action for wrongful termination in violation of public policy.

## DISCUSSION

Lone Wolf seeks to dismiss Johnson's second cause of action for wrongful termination in violation of public policy, arguing that there is an adequate alternative remedy under the STAA.

Alternatively, Lone Wolf seeks to dismiss Johnson's second cause of action to the extent that it is brought against Robbins individually, arguing that the cause of action can only be asserted against the employer.

**1. STAA**

Lone Wolf argues that Johnson's claim for wrongful termination in violation of public policy fails as a matter of law because the STAA provides an adequate alternative remedy. To state a claim under Utah law for wrongful termination in violation of public policy, a plaintiff must plead the following elements: "(i) that his employer terminated him; (ii) that a clear and substantial public policy existed; (iii) that the employee's conduct brought the policy into play; and (iv) that the discharge and the conduct bringing the policy into play are causally connected." *Touchard v. La Z-Boy, Inc.*, 2006 UT 71, ¶ 28.

The tort of wrongful termination in violation of public policy is a relatively recent development of the common law designed to compensate employees who have been discharged for taking actions protected by public policy. Utah courts, like those in other jurisdictions, narrowly apply this exception to the at-will employment doctrine in situations where an employer could otherwise violate with impunity a clear and substantial public policy. *Peterson v. Browning*, 832 P.2d 1280, 1282 (Utah 1992).

Although no Utah court has addressed the issue of whether the adequate alternative remedy doctrine applies to common law wrongful termination claims, other courts have held that a claim of wrongful termination will not lie where a statutory scheme provides an adequate alternative remedy sufficient to safeguard against or vindicate the discharge of employees in violation of public policy. *See, e.g., Walsh v. Consol. Freightways, Inc.,* 563 P.2d 1205, 1208-09

(Or. 1977).  Implied in, and essential to, the second and third elements of a wrongful termination in violation of public policy claim is that the public policy implicated in the claim must be sufficiently jeopardized by the employer's actions—in other words that the employer would not otherwise be deterred from violating the public policy.  *See Fellhauer v. Geneva,* 568 N.E.2d 870, 876 (Ill. 1991).

Courts have recognized that where an adequate alternative remedy exists for the alleged violation of public policy, an action for wrongful termination based on that public policy will not lie because the alternative statutory remedy provides an adequate safeguard to the public policy.  Other district courts in this Circuit have consistently applied the adequate alternative remedy doctrine in this setting.  *See Conner v. Schnuck Mkts.*, 121 F.3d 1390, 1399 (10th Cir. 1997) (upholding summary judgment dismissing retaliatory discharge claim under Kansas law where statutory remedy in Fair Labor Standards Act was found adequate); *Polson v. Davis*, 895 F.2d 705, 709-10 (10th Cir. 1990) (upholding dismissal of retaliatory discharge claim under Kansas law where Kansas discrimination statute provided adequate remedy); *Masters v. Daniel Int'l Corp.*, 917 F.2d 455, 457 (10th Cir. 1990) (upholding dismissal of retaliatory discharge claim under Kansas law where statutory whistleblower claim under federal Energy Reorganization Act provided adequate alternative remedy); *U.S. ex rel. Fent v. L-3 Commc'ns Aero Tech LLC*, 2007 U.S. Dist. LEXIS 81976, at *24 (N.D. Okla. Nov. 2, 2007) (dismissing wrongful termination tort claim where "existence of a federal statutory remedy [under the False Claims Act] is sufficient to protect Oklahoma public policy"); *Malone v. Signal Processing Techs.*, 826 F. Supp. 370, 379 (D. Colo. 1993) (granting summary judgment on wrongful discharge tort claim stating "[t]he public policy wrongful discharge exception is not available

where . . . the statute in question [FLSA and Title VII] provides the employee with a wrongful discharge remedy and the employee is pursuing this remedy.").

As the law in other jurisdictions has recognized, even a "clear and substantial" public policy is not jeopardized by an employer's actions when those actions are specifically prohibited by statute and where that statute provides an adequate alternative remedy for the alleged violation.  Where a statute provides an adequate alternative remedy, a court must dismiss the wrongful termination claim as not meeting an essential implied element of the cause of action and having been precluded by the statutory remedy.  Additionally, whether an adequate alternative remedy exists is a matter of law which a court may determine on a motion to dismiss. *Fent*, U.S. Dist. LEXIS 81976 at *24.

Courts have recognized that the STAA specifically provides a remedy that is an adequate alternative to the common law claim of wrongful termination.  Federal district courts in Oregon and Indiana have held that the STAA is an adequate alternative remedy for an employee who was discharged by his employer in violation of the whistleblower provisions of the STAA and that a claim for wrongful termination in violation of public policy was precluded.  *Dooijes v. K&B Transp., Inc.*, 2005 U.S. Dist. LEXIS 42166, *7 (D. Or. Aug. 2, 2005) ("[T]he STAA provides adequate remedies to protect the public's interests as well as plaintiff's"); *Mattingly v. Heartland Express, Inc.*, 2011 U.S. Dist. LEXIS 25681, *13-14 (N.D. Ind. Mar. 14, 2011) (although STAA specifically states that it does not preempt state law, preemption is not the issue in determining whether the common law wrongful termination claim is precluded by an adequate alternative remedy).

Johnson argues that these cases are contrary to Utah common law, which allows plaintiffs

to bring multiple claims. In the employment law context, the Utah Supreme Court has recognized that an employer can be liable in both contract and tort: "While any employer violating a contractual just-cause standard of dismissal should be liable for breaking its promise to its employee, *Peterson* dictates that an employer who violates clear and substantial public policies should be liable for the more expansive penalties of tort, a potentially harsher liability commensurate with the greater wrong against society." *Retherford v. AT&T Communications,* (Utah 1992).

However, the multiple contract and tort claims found permissible in *Retherford* does not apply here because a contract remedy is designed to mediate between private contracting parties without regard to broader societal interest, while a statutory scheme, such as the STAA, is designed precisely to protect broad societal interests just as the wrongful termination tort would otherwise do in its absence. Where a statutory scheme has been put into place which adequately vindicates the societal interest, a common law tort is unnecessary and does not arise. As a general rule, a plaintiff may plead multiple claims, but this approach is improper where one pleads a common law claim when a statutory remedy is adequate. The common law claim of wrongful termination in violation of public policy only arises in the absence of other adequate remedies to promote that public policy.

Utah courts implicitly recognize that the wrongful termination tort must be kept within the bounds intended–to vindicate social interests that would otherwise be left unprotected. *Peterson v. Browning*, 832 P.2d 1280, 1282 (Utah 1992). The alternative adequate remedy doctrine is simply an embodiment of this principle. Therefore, it is compatible with Utah law.

In addition, although the STAA provides that its whistleblower provisions are not

intended to preempt state law, the Tenth Circuit has made clear that preemption and the adequate alternative remedy doctrines are separate and distinct. *Masters,* 917 F.2d at 457. "The adequate alternative remedies doctrine is significantly different from preemption. Essentially the doctrine holds that a court should not recognize a common law cause of action when there is an adequate statutory remedy available." *EEOC v. Int'l Paper Co.*, 1992 U.S. Dist. LEXIS 18895, at *18 (D. Kan. Oct. 28, 1992). Therefore, assuming that Johnson has adequately pled a "clear and substantial public policy" as embodied in the STAA, he fails to show that this policy would be jeopardized by the Defendants' alleged violations because the STAA itself provides an adequate alternative remedy to the wrongful termination tort.

Furthermore, a review of Johnson's claims for relief in this case shows that the STAA addresses all of the relief claimed in the Complaint. Johnson's Complaint seeks allegedly lost wages, various compensatory damages, punitive damages, and attorneys' fees and costs. Compl. ¶ 8. The STAA provides all of these types of relief. 49 U.S.C. § 31105(b)(3)(A), (C). Johnson recognizes that the STAA is an adequate alternative remedy by stating "as allowed by the STAA" in every item of relief claimed. The claim of wrongful termination in violation of public policy adds no further remedial effect to the statutory STAA remedies.

Although there was some question at oral argument as to whether the STAA allowed punitive damages, Defendants filed supplemental authority referring to *Dooijes v. K&B Transp., Inc.*, which recognized that "the STAA provides adequate remedies to protect the public's interest as well as plaintiff's. In addition to providing for all of the damages plaintiff seeks to vindicate in his own rights, the statute provides for civil penalties adequate to punish violators and deter future wrongful conduct." 2005 U.S. Dist. LEXIS 42166, at *7. Since the public

7

policy as allegedly articulated by the STAA is in no way jeopardized by the preclusion of the wrongful termination tort, Johnson's claim for wrongful termination in violation of public policy is precluded by the statutory remedy and is dismissed.

### 2. Claim Against Robbins Individually

Even if the court were to allow Johnson's public policy claim to go forward against Lone Wolf, Defendants argue that the claim should be dismissed to the extent that it is brought against Robbins individually.  A plaintiff pleading a claim for wrongful termination in violation of public policy must plead that his "employer terminated him."  The Utah Supreme Court has also stated with regard to the public policy exception to the employment at-will exception that it "restricts an *employer's* right to terminate an employee for any reason." *Peterson v. Browning*, 832 P.2d at 1281.  Defendants contend that only Lone Wolf was Johnson's employer and because Robbins was not Johnson's employer, he cannot be liable.

Johnson argues that the cause of action for his public policy claim sounds in tort and Utah law is clear that officers, directors, managers, and others who commit torts while performing services on behalf of an otherwise valid business entity are not protected by the corporate veil. *Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 41 (Utah 2003); *Fericks v. Lucy Ann Soffe Trust*, 100 P.3d 1200 (Utah 2004).  Although there are several cases where an individual can be held liable for a tort in a corporate or agency setting, none of them involves supervisor liability for a tort such as wrongful discharge in violation of public policy.  No Utah case has held a supervisor liable for wrongful termination in violation of public policy.

Although Utah courts have not specifically interpreted the language of this element in this context, this court has previously interpreted this element as excluding supervisor liability. *U.S.*

*ex. Rel. Sikkenga v. Regence Bluecross Blueshield*, No. 2:99cv86DAK, slip op. 8-9 (D. Utah Mar. 28, 2003). The Tenth Circuit supported this interpretation, stating that "Utah law did not provide for liability against a supervisor for wrongful termination." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 730 n.36 (10th Cir. 2006). Several other courts around the country have made similar rulings. Robbins is cannot individually liable for a tort that can only be committed by an employer. Cases involving the corporate veil are inapposite. Accordingly, the court grants Defendants' motion to dismiss Johnson's public policy cause of action on this additional ground as to Robbins individually.

## CONCLUSION

Based on the above reasoning, Defendants Lone Wolf Wireline, Inc. and Rick Robbins's Motion to Dismiss Plaintiff's Second Cause of Action is GRANTED.

DATED this 7th day of May, 2013.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge